IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| JAMES T. TURNER, JR., | ) | |
| | ) | Case No. 15-40525-EJC |
| Debtor. | ) | |
| | ) | |
| | ) | Adversary No. 16-04004-EJC |
| RICHARD P. VAN BENSCHOTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| JAMES T. TURNER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST MOTION TO AMEND COMPLAINT

**COMES NOW** Plaintiff Richard P. Van Benschoten, and files this First Motion to Amend Complaint as follows:

### FACTS AND PROCEDURAL HISTORY

1.

On July 20, 2015, Plaintiff Van Benschoten filed an adversary complaint ("Original Complaint") as joined with two additional plaintiffs alleging claims including but not limited to breach of contract and fraud and sought various forms of relief including a denial of Defendant's discharge under 11 USC 523(a)(2), (4), (6) and 11 USC § 727. (adv. dckt. #1).[1]

---

[1] The original adversary complaint joined plaintiffs Brent Harlander, Richard P. Van Benschoten, and Scott McKenna. The Court issued an order on December 30, 2015 directing the surviving Plaintiffs (Harlander and Van Benschoten) to file separate complaints on or before January 15, 2016. (adv. dckt. #24).

1

2.

In response to the Original Complaint, on August 20, 2015, Defendant filed a Motion to Dismiss, challenging the sufficiency of all the then joined plaintiffs' factual allegations. (adv. dckt. #9)

3.

A hearing on was held on October 15, 2015, wherein the Court considered the parties' pleadings and received oral argument. At that hearing, then joined plaintiffs made an oral motion to permit amendments to their complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure and Rule 7015 of the Federal Rules of Bankruptcy Procedure.

4.

On October 18, 2015, plaintiffs filed a formal Motion to Amend Complaint (adv. dckt. #13). That motion was granted pursuant to the Court's order entered on December 30, 2015, and Plaintiff Van Benschoten was afforded leave to file this now separate adversary with a deadline of January 15, 2016 (adv. dckt. #24).

5.

Plaintiff Van Benschoten took advantage of the Court's leave to file a separate adversary, and timely filed his complaint, disjoined from Plaintiff Harlander, on January 15, 2016. This new and disjoined complaint (adv. dckt. #1) as compared to the Original Complaint added factual allegations and claims, attached substantial documents pointing to Defendant's fraud and provided documents and allegations concerning the specific damages suffered by Plaintiff Van Benschoten. A summons was issued, and Defendant was timely served all necessary notices and pleadings on January 27, 2016. (adv. dckt. #9).

6.

On February 17, 2017, and within the 21 days to file an amended complaint as a matter of right, Plaintiff Van Benschoten filed his First Amended Complaint to Determine Dischargeability of Debt and Other Relief (adv. dckt. #10)

7.

Therein, Plaintiff Van Benschoten provided approximately thirty additional paragraphs of factual allegations which had become known to Plaintiff Van Benschoten in that intermediary period and provided further clarification of his allegations.

8.

In recent days and weeks Plaintiff Van Benschoten has become aware of additional facts in support of his claims. Defendant Turner is entitled to notice of those newly discovered facts pursuant to Rule 8 and pursuant to the heightened pleading standards of Rule 9.

9.

Plaintiff Van Benschoten asserts that providing Defendant Turner with greater specificity of his allegations in the form of an amended complaint would prevent prejudice to Defendant Turner as those facts are being disclosed at this initial pleading stage, are being disclosed prior to the entry of a scheduling order, are being disclosed prior to Defendant filing any answer or motion to dismiss, and are being disclosed at a time remote in time from trial.

10.

Plainitff Van Benschoten has sought the written consent of Defendant Turner to file an amended pleading and been refused. As such, Plaintiff Van Benschoten has revised his pleading as attached and seeks leave to amend his complaint through this instant motion.

## ARGUEMNT AND CITATION TO AUTHORITY

Rule 15 of the Federal Rules of Civil Procedure provides that "... a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." (Rule 15(a)(2) F.R.Civ.P.). The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.' *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Leave to amend "should be freely given unless there is an undue delay, dilatory motive, or prejudice to the opposing party." Id. Further, the "court is required to grant leave to amend a complaint when justice so requires." Id. (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962).

As this instant matter remains in the initial pleading phase and has yet to progress to the entry of a scheduling order, no deadline has been set to amend pleadings. Therefore, the burden upon Plaintiff to show "good cause" to seek leave to amend under Rule 16 does not yet apply.

Here, Plaintiff Van Benschoten seeks to amend his complaint to provide additional facts, allegations, and better support resulting claims as they have become known to him and after he has conducted a reasonable investigation in satisfaction of Rule 11. Further, the instant motion to amend is not one where Plaintiff is promising to uncover additional facts or promising to provide an amended complaint which might survive a motion to dismiss if some additional time is granted. Rather, Plaintiff Van Benschoten is making his motion to amend with the proposed amendment as an attachment for the Court's simultaneous consideration.

Without the benefit of compulsory written discovery, subpoenas, or depositions, Plaintiff Van Benschoten has persistently 1) sought to interview potential witnesses; 2) interviewed some

of Defendant's former employees; 3) interviewed numerous subcontractors of both J.T. Turner Construction Co., Inc. and J.T. Turner Construction of Savannah, LLC; 4) has interviewed a number of Defendant's former customers which suffered similar damages under identically fraudulent payment requests affidavits and gained copies of those affidavits, 5) and obtained additional documents and financial statements of both Defendant and J.T. Turner Construction Co., Inc. concerning the years of 2007 to 2014. Further, since the related criminal investigation was made publicly known, Plaintiff has received additional leads from witnesses and victims which will be investigated in the coming weeks. Accordingly, Plaintiff's ongoing, diligent investigation has afforded him the ability and need to amend his complaint.

As Plaintiff's investigation progresses and continues to uncover the depth of Defendant's fraud along with witnesses and victims willing to provide statements, Plaintiff Van Benschoten has sought to amend and supplement his complaint accordingly. Plaintiff Van Benschoten's proposed amendment is attached hereto as "Exhibit A" and titled "Second Amended Complaint to Determine Dischargability of Debt and Other Relief".

Therein, Plaintiff Van Benschoten provides Defendant with greater specificity as to Defendant's alleged dealings with and control over J.T. Turner Construction Co., Inc. and a related company known as J.T. Turner Construction of Savannah, LLC. The proposed amended pleading further details the extensive comingling of those entities at the hand of Defendant, it explains the knowledge among the employees of the entities of Defendant's fraudulent activities, it connects the ownership and control of J.T. Turner Construction of Savannah, LLC to Defendant, it gives Defendant notice of Plaintiff's knowledge of his continued business activities in North Carolina, and it establishes Defendant's continued threat to future customers to suffer a similar loss as has Plaintiff Van Benschoten.

5

The proposed amendment is revised to provide plain language explanations of Plaintiff Van Benschoten's allegations and how those allegations specifically satisfy the alleged counts, but does not add new counts.

**WHEREFORE**, Plaintiff Van Benschoten respectfully prays that based on the liberal standard to amend under Rule 15 which applies at this early stage of litigation (Defendant is yet to file an answer and no scheduling order has been entered), a showing that justice so requires as explained above, the arguments of this motion and disclosures of the efforts made by Plaintiff Van Benschoten to uncover facts in support of his claims in this pre-discovery phase, no undue delay, no dilatory motive, no prejudice to the opposing party, and the significance of the proposed amendment as attached, that this motion to amend pursuant to Rule 15 should be GRANTED.

This 26 day of Feb, 2016.

Daniel C. Jenkins
State Bar No. 142345
*Attorney for Plaintiff*

KARSMAN, McKENZIE & HART
21 W. Park Ave.
Savannah, GA 31401
912.335.4977
daniel@kmtrial.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| JAMES T. TURNER, JR., ) | |
| ) | Case No. 15-40525-EJC |
| Debtor. ) | |
| ) | |
| ) | Adversary No. 16-04004-EJC |
| RICHARD P. VAN BENSCHOTEN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| JAMES T. TURNER, JR., ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I, Daniel C. Jenkins, hereby certify that on **February 26, 2016,** I caused the *First Motion to Amended Complaint* to be served by depositing same in the United States Mail via regular first class mail, with adequate first class postage affixed as addressed to those parties listed below.

James T. Turner, Jr.
1403 River Oaks Drive
Richmond Hill, GA 31324

I hereby certify that true and correct copies of the above-referenced pleadings in the above-styled matter, were timely served via Notice of Electronic Filing to those parties listed below who are registered participants of the Electronic Case Filing System.

C. James McCaller, Jr., McCaller Law Firm, P.O. Box 9026, Savannah, GA 31412
James L. Drake, Jr. P.O. Box 9945 Savannah, GA 31412
U.S. Trustee, 2 East Bryan St., Ste 725, Savannah, GA 31401

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

This 26th day of February, 2016.

Daniel C. Jenkins
State Bar No. 142345
Attorney for Plaintiff

KARSMAN, MCKENZIE & HART
21 West Park Ave.
Savannah, GA 31401
(912) 335-4977
daniel@kmtrial.com