# In the United States Bankruptcy Court
## for the
### Southern District of Georgia  FILED
#### Savannah Division

Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By DReese at 3:12 pm, Sep 23, 2016

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Chapter 7 |
| JAMES T. TURNER, JR., | ) | |
| | ) | Number <u>15-40525-EJC</u> |
| *Debtor.* | ) | |
| | ) | |
| RICHARD P. VAN BENSCHOTEN; | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Adversary |
| v. | ) | |
| | ) | Number <u>16-04004-EJC</u> |
| JAMES T. TURNER, JR., | ) | |
| | ) | |
| *Defendant.* | ) | |

## OPINION AND ORDER GRANTING PLAINTIFF'S FIRST MOTION TO AMEND COMPLAINT

Nearly forty years ago, the Debtor, James T. Turner, Jr., founded J.T. Turner Construction Co. ("JTT Construction"), a general contractor in the Savannah, Georgia area. During that time, he served as JTT Construction's CEO, CFO and Secretary. As with other construction companies, the economic downturn of 2008 appears to have taken its toll on JTT Construction. By early 2015, JTT Construction was forced to close its doors, and Mr. Turner filed his individual Chapter 7 case. Among the wreckage of this failed business were homeowners whose personal residences were under construction in the final days and weeks of JTT Construction's operation. At the time of JTT Construction's closing, these projects

AO 72A
(Rev. 8/82)

were unfinished and subcontractors who had not been paid began asserting liens on the affected properties. This adversary proceeding began when three of these homeowners[1], including plaintiff Richard P. Van Benschoten (the "Plaintiff"), jointly filed a complaint seeking to hold the Debtor, as a shareholder and officer of JTT Construction, personally responsible for the damages resulting from JTT Construction's failure to pay subcontractors and complete construction of their homes. Believing that something more sinister than a global recession led to JTT Construction's failure, Plaintiff has accused the Debtor of diverting revenues from the company for his personal use through a variety of illegal means.

Since the filing of the original complaint, the Plaintiff has made several missteps causing this case to proceed at a rather slow pace. The procedural posture of this case has largely been complicated by the Plaintiff's attempts to add facts and allegations to his complaint on an on-going basis. Further, the Plaintiff has set forth significant, additional claims against the Debtor. This has led to the Plaintiff's complaint becoming a "moving target," which has made it difficult for the Court to make a ruling as to the sufficiency of the Plaintiff's complaint.

Currently before the Court is the Plaintiff's third attempt to amend his complaint to add newly uncovered factual details supporting his claims against the Debtor.

---

[1] The three plaintiffs initially brought a joint adversary proceeding against the Debtor, designated as case no. 15-04037-EJC. All references to the docket in that case will be cited as [Joint Adv. Dckt. #]. However, as will be explained, the three plaintiffs were ordered by this Court to file separate complaints. In accordance with the Court's order, Plaintiff Van Benschoten filed a separate complaint, which initiated the instant adversary proceeding.

AO 72A
(Rev. 8/82)

As will be explained, the Court will grant Plaintiff leave to amend his complaint and deny the Debtor's Motion to Dismiss as moot upon the filing of the Plaintiff's amended complaint.

## I. JURISDICTION

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and the Standing Order of Reference signed by then Chief Judge Anthony A. Alaimo on July 13, 1984. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(I) and (J). In accordance with Bankruptcy Rule 7052, the Court makes the following findings of fact and conclusions of law.

## II. FINDINGS OF FACT

### A. The Original Complaint

On July 20, 2015, the Plaintiff and the two other improperly joined plaintiffs, filed a complaint seeking a determination that any indebtedness that the Debtor owes them is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6), and to bar Debtor's discharge pursuant to 11 U.S.C. § 727. (Joint Adv. Dckt. 1). The plaintiffs also sought to liquidate their individual debts against the Debtor based on various state law claims, including damages for fraud, breach of contract, conversion, attorney's fees, and punitive damages. *Id.*

With regard to the Plaintiff, the complaint alleged that the Plaintiff entered into a contract with JTT Construction to perform general contracting services for the construction of his residential home. *Id.* The Plaintiff asserted that he periodically made payments to JTT Construction upon its applications for payment, which included sworn certifications that all subcontractors had been paid by JTT Construction for the work already performed on the

Plaintiff's home. *Id.* However, the complaint alleges that, contrary to the sworn certifications, a number of subcontractors were never paid by JTT Construction. *Id.* As a result, the Plaintiff contends the unpaid subcontractors placed liens on his home, which forced him to directly pay the lienholders with additional funds. *Id.* Further, the complaint alleges that the Debtor, as JTT Construction's CEO, CFO and Secretary, knew the provided certifications were false and that he was fully aware that the funds taken from the Plaintiff were being used for purposes unrelated to the construction of the Plaintiff's home. *Id.*

On August 20, 2015, the Debtor, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed a Motion to Dismiss the original complaint (joint adv. dckt. 9) for failure to state a claim upon which relief could be granted. On December 30, 2015, the Court found the complaint insufficient to pass muster under Federal Rule 12(b)(6) and dismissed the complaint with leave to amend[2]. (Joint Adv. Dckts. 23, 24). Further, the Court found joinder of the three plaintiffs improper and dismissed Plaintiff from the complaint. However, the Court permitted Plaintiff to file a separate *nunc pro tunc* complaint that would relate back to the date of the filing of the original complaint.

### B. The Plaintiff's Attempts to Amend the Complaint

On January 15, 2016, the Plaintiff (now separated from the other two plaintiffs) timely filed his separate Complaint (adv. dckt. 1), which initiated the instant adversary proceeding. The Plaintiff's Complaint provided greater detail regarding the claims brought

---

[2] On November 6, 2015, prior to the Court's ruling on the Debtor's Motion to Dismiss, the plaintiffs prematurely filed an Amended Complaint. (Joint Adv. Dckt. 15). As part of its December 30, 2016 order, the Court struck the Amended Complaint.

by the Plaintiff in the original complaint. However, the Complaint also set forth additional claims against the Debtor for violating the Georgia Fair Business Practices Act and for racketeering in violation of federal and state law (collectively, the "New Claims").[3]

On February 16, 2016, pursuant to Federal Rule 15(a)(1), the Plaintiff filed his First Amended Complaint (adv. dckt. 10) which included approximately thirty additional paragraphs of factual allegations that had become known to Plaintiff since the filing of his Complaint. Shortly thereafter, on February 26, 2016, the Debtor filed the instant Motion to Amend (adv. dckt. 13) and attached a Proposed Second Amended Complaint (the "Proposed Complaint"). The Proposed Complaint included more newly discovered facts, and alleged, for the first time, that the Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2), (3) and (4) for concealing property of the estate, destroying financial records, and falsely testifying at the § 341 Meeting of Creditors. (Adv. Dckt. 13-1).

On March 1, 2016, the Debtor filed a Motion to Dismiss the First Amended Complaint pursuant to Federal Rule 12(b)(6). (Adv. Dckt. 14). In his motion, the Debtor argues that the First Amended Complaint "virtually matches" the previously dismissed original complaint, and thus is still insufficient to establish a claim under any of the provisions of 11 U.S.C. § 523. The Debtor further contends that the factual allegations set forth in the First Amended Complaint are insufficient to establish any of the Plaintiff's New Claims.

---

[3]With regard to the New Claims, the newly filed complaint alleges that the Debtor's alleged fraudulent conduct in this case was part of a greater scheme by the Debtor and other individuals to defraud customers of JTT Construction over a period of years.

(Rev. 8/82)                                        5

On March 11, 2016, the Debtor also filed an Objection to the Motion to Amend.[4] (Adv. Dckt. 15). In his objection, the Debtor argues that the New Claims and the amended § 727 claim set forth in the Proposed Complaint are time barred by Federal Rule of Bankruptcy Procedure 4004 because they do not relate back to the filing of the original complaint under Federal Rule 15(c)(1)(B). *Id.* In addition, the Debtor argues that the Proposed Complaint adds nothing of significance and is still insufficient to establish any of the Plaintiff's claims. *Id.* On April 29, 2016, the Court held a hearing on the Motion to Dismiss and the Motion to Amend. At the conclusion of the hearing, the Court took the matters under advisement.[5]

## III. CONCLUSIONS OF LAW

### A. Standard for Leave to Amend Complaint

Rule 15 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015, provides a liberal and permissive standard for amending a complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may deny leave if there is a "justifying reason" to do so. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Halliburton & Assoc., Inc. v. Henderson*, 774 F.2d 441, 442 (11th Cir. 1985) ("substantial reason" needed). The following factors may serve as a basis to deny a motion to amend: (1) where there has been

---

[4] On April 14, 2016, the Debtor filed a supplement to his Motion to Dismiss and Objection to the Motion to Amend. (Adv. Dckt. 20)

[5] The Debtor's Motion to Dismiss (adv. dckt. 14) is still pending with the Court. However, upon the filing of the Plaintiffs' amended complaint, the Court will enter a separate order denying the Debtor's Motion to Dismiss as moot.

undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; (3) where amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. at 182).

First, the Court finds no bad faith or dilatory motive in Plaintiff Van Benschoten's Motion to Amend. Second, the Court does not find that the Plaintiff's amendments have caused any undue delay in this case. Although it has been over a year since the filing of the case, the Plaintiff has had limited access to information more readily available to the Debtor. Third, this case does not involve an attempted reorganization by the Debtor, so any delay occasioned by these amendments is not unduly prejudicial to the Debtor. Further, this case has not yet reached the discovery stage and the Debtor will have adequate time for preparation of a defense to the claims set forth in the amended complaint.

As to futility, the Debtor contends that the facts and allegations added in the Proposed Complaint are still insufficient to state a claim under any of the provisions of 11 U.S.C. § 523. However, the Court finds it unnecessary at this juncture to rule on whether the Proposed Complaint meets the pleading requirements set forth in Federal Rules 8 and 9. The Debtor will have the opportunity to bring such an argument in a response to the amended complaint. If the Debtor chooses to do so, the Court will address the adequacy of the Plaintiff's amended complaint at that time.

The Debtor also argues that the New Claims and the newly amended § 727 claim do not relate back to the filing of the original complaint pursuant to Federal Rule

15(c)(1)(B), and are thus time-barred. Pursuant to Federal Rule 15(c)(1)(B), an amendment of a pleading relates back to the date of the original pleading when: "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." The Supreme Court has interpreted this language to mean that relation back is improper when the amended claim "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Again, the Debtor will have the opportunity to bring such an argument in a response to the Plaintiff's amended complaint. By granting Plaintiff leave to amend, the Court is making no determination as to whether Plaintiff will receive the benefit of relation back under Rule 15(c)(1)(B).

## IV. CONCLUSION

Permitting Plaintiff to amend his complaint is warranted based upon the liberal standard favoring amendments under Rule 15. Plaintiff seeks leave to amend his complaint to add additional facts and allegations which he became aware of during the pendency of this case. As explained above, the Court finds no "justifying reason" to deny Plaintiff leave to amend his complaint. Accordingly, the Court will grant the Plaintiff's Motion to Amend.

## O R D E R

Pursuant to the foregoing, IT IS ORDERED that Plaintiff's First Motion to Amend Complaint (adv. dckt. 13) is GRANTED. The Plaintiff is granted leave to amend his complaint as proposed in the First Motion to Amend Complaint. Nothing in this order shall

be construed as a determination as to the sufficiency of the Plaintiff's amended complaint or as to whether Plaintiff will receive the benefit of relation back under Rule 15(c)(1)(B).

IT IS FURTHER ORDERED, that Plaintiff Van Benschoten shall file his amended complaint within ten (10) days of the date of the Court's Order. Consistent with Federal Rule 15(a)(3), the Debtor shall have fourteen (14) days after service of the amended complaint to respond, unless otherwise extended by further order of this Court.

Dated at Savannah, Georgia, this 23rd day of September, 2016.

Edward J. Coleman, III, Judge
United States Bankruptcy Court
Southern District of Georgia